UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN HANNAH,

        Plaintiff,                      Case No. 2:11-cv-494

v.                                            HON. R. ALLAN EDGAR

MICHAEL MARTIN, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has asserted multiple claims against multiple defendants. Plaintiff argues that defendants Chaplain Riley, Warden Bauman and Special Activities Coordinator Michael Martin wrongfully denied him a religious diet. Plaintiff claims that defendants Phillipson and Konrad failed to protect him from harm. Plaintiff asserts that defendants Miron and Konrad made comments to other staff members and prisoners to purposely incite others to mentally and physically abuse plaintiff and that defendant Lindemuth retaliated against him. Defendants have filed a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (Docket #19). Defendants assert that a number of claims should be dismissed because plaintiff failed to exhaust his grievance remedies. Plaintiff concedes that defendant Bauman should be dismissed from this action, but argues that he exhausted all of his claims against each of the remaining defendants.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material*

2

*Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates

3

must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I

grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.* at ¶ HH.

Defendants argue that the grievance on the denial of plaintiff's religious diet was only written on defendant Martin and that defendant Riley should be dismissed. Plaintiff asserts that the grievance was sufficient to cover both defendants. The grievance filed at Step I states "this grievance is written on Michael Martin." Plaintiff indicates only that he was "notified" of the denial by Chaplain Riley. This grievance, coupled with the Step II appeal which states "I know that [I]'ve been denied my [B]uddhist diet by Michael Martin. . . .," indicates that the grievance was solely against defendant Martin. In the opinion of the undersigned, defendant Riley should be dismissed from this action for failure to exhaust grievance remedies against him. Plaintiff's grievance did not allege wrongdoing by defendant Riley. Plaintiff stated only that defendant Riley notified him of the decision. Plaintiff made it clear that the grievance was against only defendant Martin and that defendant Martin made the decision to deny plaintiff the religious meal.

Defendants argue that plaintiff's failure to protect issue was not properly grieved because it was rejected at Step I on procedural grounds. However, as plaintiff correctly points out, that basis was rejected at Step III and the matter was rejected on the merits of the claim. The Step III decision states:

> Your grievance was rejected at Step I as being related to the hearings process. You were referred to the misconduct hearing/appeal process. The rejection was supported at Step II. The Step II respondent noted that you had been in the cell with your bunkie since 11/23/10 and you had not notified staff of any problem. You were advised that if you had any concerns about your bunkie you should have brought them to the attention of staff rather than assaulting him.

5

> The grievance identifier number has been changed to reflect a protection/safety issue rather than a rejection, as you made no reference to the misconduct you received. Staff have stated that you did not bring any problems to their attention prior to the assault incident. You have provided insufficient evidence upon appeal from which to conclude that staff acted improperly. As there is no additional information or basis found for relief at Step III, your appeal is denied.

In the opinion of the undersigned, plaintiff has satisfied the requirement of exhausting his grievance against defendants Phillipson and Konrad on this issue.

For the foregoing reasons, I recommend that defendants' Motion for Summary Judgment (Docket #19) be granted in part and denied in part as follows: the motion should be granted, dismissing defendant Riley without prejudice for failure to exhaust grievance remedies and dismissing defendant Bauman with prejudice, as conceded by plaintiff. The motion should be denied on all claims and remaining defendants.[1]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

---

[1] Defendants concede that plaintiff exhausted his retaliation claim against defendant Lindemuth. Plaintiff has indicated that he did not assert retaliation claims against defendants Miron or Konrad in his complaint. The remaining claims would include the four counts stated in the amended complaint against defendants Martin, Lindemuth, Konrad, Phillipson and Miron.

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).


      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2013